IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JELANI JOHNSON, *individually, and on behalf of others similarly situated*, <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON HOSPITALITY MANAGEMENT, INC.; and NIMISH PATEL, <br><br> Defendants. | Civil Action File No.: <br><br> _____ <br><br> **JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Jelani Johnson ("Named Plaintiff"), individually and on behalf of others similarly situated, files this Complaint against Defendants Horizon Hospitality Management, Inc. and Nimish Patel (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is a collective action for unpaid overtime wages brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").

2. In this collective action, Named Plaintiff alleges that Defendants willfully violated the FLSA by failing to pay Named Plaintiff and other similarly

situated employees for all hours worked over 40 per workweek at 1.5 times their regular hourly rates.

3.   The proposed class that Named Plaintiff seeks to represent, and on behalf of whom Named Plaintiff files this collective action, consists of all employees whom Defendants classified as exempt employees and who were not paid 1.5 times their regular rate of pay for all hours worked over 40 per workweek at all Defendants' locations at any time within three years preceding the filing of this Complaint (Named Plaintiff, the opt-in Plaintiffs who file consent forms with this Complaint, and the potential class members are referred to collectively as "Plaintiffs").

## JURISDICTION AND VENUE

4.   Under 28 U.S.C. § 1331 this Court has jurisdiction over Plaintiffs' claims because the claims raise questions of federal law.

5.   Under 28 U.S.C. § 1391(b) and Local Rule 3.1(B) venue is proper in this division because at least one defendant resides in this division or a substantial part of the events or omissions giving rise to the claims occurred in this division.

## PARTIES

6.   Defendant Horizon Hospitality Management, Inc., ("Horizon") is a Georgia corporation with its principle office address located at 200 North Point Way,

Acworth, Georgia 30102.

7. This Court may exercise personal jurisdiction over Horizon because Horizon is a Georgia corporation, has its principal place of business in Georgia, and conducts substantial business in Georgia.

8. Horizon may be served with process through its registered agent, Al Narenda Patel, 200 North Point Way, Acworth, Georgia 30102.

9. Defendant Nimish Patel ("Patel") is the Secretary and Chief Economic Officer of Defendant Horizon Hospitality Management, Inc.

10. Patel is an individual and may be served with process wherever he may be found.

11. Named Plaintiff worked for Defendants within the three years preceding the filing of this action.

12. Named Plaintiff consents in writing to join this action pursuant to 29 U.S.C. § 216(b). *See* Exhibit 1.

13. Other individuals, who are similarly situated to Named Plaintiff, are interested in joining this collective action.

14. For example, Opt-in Plaintiffs Joseph Taylor, Breia Shaikh, Larissa Moore, Bethany Helmer, Susan Glass, Fernando Davis, Ereka Carey, Debbie Jones, and Pamela Taylor have consented to join this collective action. *See* Exhibits 2-10.

## HORIZON IS COVERED BY THE FLSA

15. Horizon is an enterprise engaged in commerce or the production of goods for commerce.

16. Horizon employs two or more individuals who engage in commerce, the production of goods for commerce or who handle, sell, or work with goods or materials that have moved in or were produced for commerce.

17. Horizon employs two or more individuals who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

18. Horizon employs two or more individuals who regularly communicate across state lines using the internet while performing their job duties.

19. Horizon owns and operates hotels in Georgia, Louisiana, Ohio, Kentucky, Wisconsin, Missouri, and Mississippi and employs individuals in each state.

20. Horizon's employees handle and use materials that have traveled through interstate commerce, such as cleaning supplies, computers, telephones, fax machines, linins, sheets, paper products, and food and beverage products, while performing their job duties.

21. Horizon employs two or more individuals who process credit card

transactions while performing their job duties.

22. Horizon's gross annual sales and business done for each of the three years preceding the filing of this complaint exceeds $500,000.

## DEFENDANTS EMPLOYED PLAINTIFFS

23. Horizon employed Plaintiffs within the meaning of the FLSA.

24. Horizon provided Plaintiffs with offer letters of employment.

25. Horizon had the authority to terminate Plaintiffs' employment.

26. Horizon determined the employment policies applicable to Plaintiffs.

27. Horizon created and issued an employee handbook to Plaintiffs which specified Horizon's employment practices and policies.

28. Horizon had the authority to modify the employment policies applicable to Plaintiffs.

29. Horizon determined how much, and in what manner, Plaintiffs would be compensated.

30. Horizon maintained employment records, such as time and pay records, for Plaintiffs.

31. Patel also employed Plaintiffs.

32. Patel had the authority to hire and fire Plaintiffs.

33. Patel established the employment policies applicable to Plaintiffs.

34. Patel had the authority to modify the employment practices applicable to Plaintiffs.

35. Patel determined how much, and in what manner, Plaintiffs would be compensated.

**DEFENDANTS' COMPANY-WIDE PAY PRACTICES**

36. Plaintiffs worked for Defendants at one or more of Defendants' hotels in Georgia, Louisiana, Ohio, Kentucky, Wisconsin, Missouri, and Mississippi.

37. For example, Named Plaintiff Johnson worked for Defendants as a Director of Sales and General Manager at the Fairfield Inn and Suites in Cincinnati, Ohio.

38. Opt-in Plaintiff Joseph Taylor worked for Defendants as a General Manager at the Hampton Inn located in Milwaukee, Wisconsin.

39. Opt-in Plaintiff Pamela Taylor worked for Defendants as a Sales Coordinator at the Holiday Inn Express located in Atlanta, Georgia, and at the Holiday Inn Express located in Alpharetta, Georgia.

40. Opt-in Plaintiff Breia Shaikh worked for Defendants as a Director of Sales at the Hampton Inn located in McDonough, Georgia.

41. Opt-in Plaintiff Bethany Helmer worked for Defendants as a Director of Sales at the Home 2 Suites located in Cartersville, Georgia.

42. Opt-in Plaintiff Susan Glass worked for Defendants as a General Manager at the Hilton Garden Inn located in Shreveport, Louisiana.

43. Opt-in Plaintiff Fernando Davis worked for Defendants as a Food and Beverage Director at the Hilton Garden Inn located in Shreveport, Louisiana.

44. Defendants treat Plaintiffs as exempt from the overtime requirements of the FLSA.

45. Defendants tell Plaintiffs, typically through offer letters, that Plaintiffs will receive a "salary."

46. Defendants also tell Plaintiffs, often through offer letters, that they must work at least 48 hours per week and that their salaries are subject to adjustment pursuant to the Company's employee compensation policies in effect from time to time.

47. While Defendants tell Plaintiffs that Plaintiffs will receive a "salary" and classify Plaintiffs as exempt from the FLSA overtime requirements, Defendants do not pay Plaintiffs a salary as defined by the FLSA because Defendants do not pay Plaintiffs a predetermined amount of money for each workweek regardless of the quantity or quality of work performed.

48. Instead, Defendants pay Plaintiffs based on the number of hours Plaintiffs work and record each workweek.

49. Defendants require Plaintiffs to record their hours worked in Defendants' timekeeping system.

50. Defendants instruct Plaintiffs that they are required to work and record 48 hours per workweek.

51. Defendants pay Plaintiffs on an hourly basis for hours worked and recorded up to 48 hours per week.

52. If Plaintiffs work and record fewer than 48 hours per week, Defendants pay Plaintiffs an hourly rate for the hours Plaintiffs work and record. *See* Exhibit 11.

53. If Plaintiffs work, but fail to record, 48 hours in a workweek, Defendants only pay Plaintiffs an hourly rate for the hours Plaintiffs record.

54. If Plaintiffs work and record more than 48 hours in a workweek, Defendants pay Plaintiffs no additional wages for any hours worked and recorded over 48 per workweek.

55. Defendants do not pay Plaintiffs 1.5 times Plaintiffs' hourly rates for hours worked over 40 per workweek.

56. By way of example, during the two-week pay period from December 23, 2018 through January 5, 2019, Opt-in Plaintiff Pamela Taylor recorded 96 hours (i.e., 48 hours per week) and was paid $1,000 for her recorded hours. *See* Exhibit 12.

57. The following two-week pay period from January 6, 2019 through January 19, 2019, Opt-in Plaintiff Pamela Taylor recorded 96 hours (i.e., 48 hours per week) and was paid $1,000 for her recorded hours. *See* Exhibit 13.

58. However, the following two-week pay period from January 20, 2019 through February 2, 2019, Opt-in Plaintiff Pamela Taylor recorded 87.06 hours (i.e., 43.53 hours per week) and was only paid $907.16. *See* Exhibit 14.

59. Thus, Defendants did not pay Opt-in Plaintiff Pamela Taylor a salary, and instead paid Ms. Taylor an hourly rate for the hours she recorded in Defendant's timekeeping system.

60. Defendants also deduct "fines" from Plaintiffs' wages based on the quality of Plaintiffs' work.

61. For example, on June 24, 2019, Defendant Patel sent an email to Defendants' General Managers—a position that Defendants classify as exempt from the FLSA's overtime requirements—instructing its General Managers that if they turn in payroll reports late, General Managers will have a $25 fine deducted from their wages. *See* Exhibit 15.

62. By way of further example, when Defendants incur fees that they attribute to Plaintiffs' job performance, Defendants deduct those fees from Plaintiffs' wages.

63. In an email dated April 9, 2019, Defendant Patel told Named Plaintiff Jelani Johnson and Regional Operations Manager Kayla King that Defendants would deduct from their wages certain fees resulting from a failure to process and fund payroll on time. *See* Exhibit 16.

64. Defendants' unlawful compensation policies apply to all employees classified as exempt at all Defendants' locations in Georgia, Louisiana, Ohio, Kentucky, Wisconsin, Missouri, and Mississippi.

65. Patel enforces Defendants' unlawful compensation policies at all Defendants' locations in Georgia, Louisiana, Ohio, Kentucky, Wisconsin, Missouri, and Mississippi.

66. Because Defendants do not pay Plaintiffs a predetermined amount of money each workweek regardless of the quality and quantity of work performed, Defendants do not pay Plaintiffs a salary.

67. Because Defendants do no pay Plaintiffs a salary, Plaintiffs are non-exempt employees entitled to 1.5 times their regular hourly rate for all hours worked over 40 per week.

68. Plaintiffs work more than 40 hours per week in most weeks, and frequently exceed 48 hours per week.

69. Defendants know Plaintiffs work more than 40 hours per week in most

workweeks because Plaintiffs record their hours in Defendants' timekeeping system and Defendants instruct Plaintiffs to work at least 48 hours per week.

70. Defendants knowingly and intentionally fail to pay Plaintiffs 1.5 times their regular hourly rate for all hours worked over 40 per workweek in violation of the FLSA.

**COUNT 1: WILLFUL FAILURE TO PAY OVERTIME WAGES**

71. Because Defendants do not pay Plaintiffs a predetermined amount of money each workweek regardless of the quality or quantity of work performed, Plaintiffs do not receive a salary as defined by the FLSA.

72. Because Plaintiffs do not receive a salary, Plaintiffs are non-exempt employees entitled to 1.5 times their regular hourly rate of pay for all hours worked over 40 per week.

73. Plaintiffs frequently work more than 40 hours per workweek.

74. Defendants know Plaintiffs frequently work more than 40 hours per workweek.

75. Despite knowing Plaintiffs work more than 40 hours per week, Defendants do not pay Plaintiffs 1.5 times their regular hourly rates for all hours worked over 40 per workweek in violation of the FLSA.

76. Defendants intentionally fail to pay Plaintiffs 1.5 times their regular

hourly rate for all hours worked over 40 per workweek.

77. Defendants are obligated to ensure that their employees are paid in compliance with the FLSA.

78. Defendants failed to take reasonable steps to ensure that their employees are paid in compliance with the FLSA.

79. Because Defendants willfully violated the FLSA by failing to pay Plaintiffs overtime wages, Defendants owe Plaintiffs all unpaid wages, and equal amount in liquidate damages, and attorney's fees and costs of litigation.

## DEMAND FOR JUDGMENT

Plaintiffs respectfully requests that the Court:

I. Conditionally certify this case as a collective action under 29 U.S.C. § 216(b) and approve the issuance of a notice of this lawsuit to similarly situated collective action class members informing them of their right to join this action;

II. Declare that Defendants' actions, policies, and practices violated, and continue to violate, the rights of Named Plaintiff and others similarly situated under the FLSA;

III. Declare that Defendants' violations of the rights of Named Plaintiff and others similarly situated under the FLSA were willful;

IV. Award Named Plaintiff and others similarly situated all unpaid wages

for a period of three years;

V.  Award Named Plaintiff and others similarly situated liquidated damages in an amount equal to their unpaid wages;

VI.  Award Named Plaintiff and others similarly situated their reasonable attorneys' fees, costs, and expenses; and

VII.  Award all other relief to which Named Plaintiff and others similarly situated may be entitled.

### DEMAND FOR TRIAL BY JURY

Named Plaintiff, on behalf of himself and others similarly situated, requests a trial by jury under Fed. R. Civ. P. 38.

Dated:   February 28, 2020.

*/s/ Dustin L. Crawford*
Dustin L. Crawford
Georgia Bar No. 758916
John L. Mays
Georgia Bar No. 986574

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
404-873-8000
dcrawford@pcwlawfirm.com
jmays@pcwlawfirm.com

*Counsel for Plaintiffs*